UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                                                DECISION AND ORDER

                                                                                01-CR-6069L
                                                                                04-CV-6119L

        v.

CLIVE BROWN,

                              Defendant.
_____

     On January 21, 2003, defendant Clive Brown ("Brown"), pleaded guilty to Count 1 of the second superceding indictment charging conspiracy to import cocaine. The plea was entered pursuant to a written plea agreement which provided for an agreed-upon sentence of 135 months pursuant to FED. R. CRIM. P. 11(e)(1)(C).[1] After reviewing the presentence report, the Court accepted the proposed plea agreement and imposed the agreed-upon sentence on April 29, 2003. Approximately one year later, Brown filed the instant petition under 28 U.S.C. § 2255. He thereafter supplemented the petition and sought relief under the Supreme Court decision of *Blakely v. Washington,* 124 S. Ct. 1531 (2004). The Government has responded to both the original petition and to Brown's supplement.

---

[1] This section is now codified at Rule 11(c)(1)(C).

None of the matters raised by Brown have merit and, therefore, the petition must be dismissed. First of all, Brown specifically waived the right to appeal or attack the judgment by means of a collateral proceeding. In spite of that agreement, Brown, by the instant petition, seeks to do just that. Brown took advantage of the 11(e)(1)(C) bargained-for sentence. As part of the plea bargain, the Government agreed not to file an information pursuant to 21 U.S.C. § 851 which would have subjected Brown to a 20 year minimum term of imprisonment had he been convicted. To be sure, Brown received a substantial benefit by entering the plea. Because the parties agreed to a specific sentence, 135 months, he was also spared the possibility that the Court could have imposed a much greater sentence, up to the maximum term of life imprisonment.

The alleged ineffective assistance claims are also unavailing. Those matters relating to motions to suppress and motions to dismiss, for among other things, lack of a speedy trial, all occurred prior to entry of the guilty plea and are, therefore, all waived by such a plea.

There was an extensive discussion with Brown at the time of the plea, and there is no evidence or even assertion in the original petition, that the plea was coerced or involuntary in any respect. To the extent Brown claims errors at sentencing, those are not only barred by the agreement not to appeal or collaterally attack the judgment, but also because Brown received the precise sentence that he bargained for -- 135 months.

To the extent Brown claims his counsel was ineffective for failing to take an appeal, there is no basis for such a claim since the plea agreement specifically prohibited such an appeal. Therefore, counsel's performance was not deficient under an objective standard, and there is no demonstration that even had an appeal been filed, the result here would be any different.

To the extent Brown claims some relief under *Blakely,* that claim must also be rejected. The Second Circuit has consistently held that neither *Apprendi v. New Jersey*, 530 U.S. 466 (2000) nor *Blakely v. Washington,* 124 S. Ct. 2531 (2004) apply retroactively to motions brought pursuant to 28 U.S.C. § 2255. *See Coleman v. United States,* 329 F.3d 77, 82 (2d Cir.), *cert. denied,* 540 U.S. 1061 (2003).

CONCLUSION

The petition of Clive Brown to vacate the judgment of conviction pursuant to 28 U.S.C. § 2255 is without merit and is hereby in all respects dismissed.

I decline to issue a certificate of appealability because Brown has failed to make a substantial showing of a constitutional violation.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 16, 2005.